Steven M. ANDREUCCI, et al.

v.

The CITY OF NEW HAVEN, et al.

Civil No. 3:94CV2178 (PCD).

United States District Court, D. Connecticut.

Feb. 9, 1996.

Igor I. Sikorsky, Jr., Daniel Howard Schneider, Law Offices of Igor I. Sikorsky, Jr., Easton, CT, for Plaintiffs.

Martin S. Echter, Deputy Corporation Counsel, New Haven, CT, for Defendants.

## RULING ON PENDING MOTIONS

DORSEY, Chief Judge.

Defendants move for summary judgment on plaintiffs' due process and equal protection .claims, and plaintiffs cross-move for summary judgment on the due process claim. For the reasons below, defendants' and plaintiffs' motions are, respectively, granted and denied.

## I. BACKGROUND

Plaintiffs are New Haven firefighters. Six plaintiffs were promoted to the rank of lieutenant in 1988 and 1989, and two plaintiffs were appointed as battalion chiefs in 1988. Plaintiffs served in these positions for periods of up to five years.

Under the city charter, promotions must be made from eligibility lists which are valid for at most two years. Plaintiffs' promotion eligibility lists were dated March 31, 1986. Just under two years later, on March 30, 1988, plaintiffs' promotions were approved "subject to assignment." This was in accordance with a longstanding practice of approving promotions just before a list expired but delaying assignment to the new position until a vacancy existed. Once a vacancy occurred, a firefighter would be assigned to the higher office and paid accordingly.  ,

In 1989, several firefighters filed a suit challenging the practice of filling vacancies from expired lists. The firefighters alleged that this practice unlawfully denied promotions to firefighters who became eligible for promotion after the list was constructed. The trial court ruled that "promotions made subject to assignment" were unlawful and null and void. In consequence, plaintiffs' promotions to lieutenant and battalion chief positions were voided, and they were, and have been, relegated to the positions, duties, and pay to which they were formerly assigned. The trial court's ruling was sustained by the Connecticut Appellate Court and Connecticut Supreme Court. *New Haven Firebird Soc'y v. Bd. of Fire Comm'rs of New Haven,* 32 Conn.App. 585, 630 A.2d 131 (1993), *appeal denied,* 228 Conn. 902, 634 A.2d 295 (1993).

## II. DISCUSSION

Summary judgment avoids the delay and expense of trying claims for which a legally meritorious, factually indisputable defense exists. *See Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

### A. Statute of Limitations

■ Defendants are incorrect that this action was not brought within the applicable three-year statute of limitations. *See Wilson v. Garcia,* 471 U.S. 261, 275, 105 S.Ct. 1938, 1946, 85 L.Ed.2d 254 (1985); *see also* CONN. GEN.STAT. § 52–577 (1993). Plaintiffs' cause of action accrued not when they were promoted "subject to assignment" in 1988, but rather when they were removed from their former positions on December 8, 1993. As this action was filed roughly one year later (on December 23, 1994), it was timely.

### B. Due Process

■ Plaintiffs allege that they had a property interest in their former positions, of which they could not have been deprived without due process of law. Due process would have been required only if plaintiffs' alleged property interest was protected by the Fourteenth Amendment. *See Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 564, 92 S.Ct. 2701, 2703, 33 L.Ed.2d 548 (1972). A property interest is not protected unless a person has "a legitimate claim of entitlement to it." *Id.* at 577, 92 S.Ct. at

2709. This entitlement must stem from state law or another, extra-Constitutional source that secures the benefit claimed. *Id.*

The state court decisions made clear that plaintiffs never had any legitimate claim of entitlement to their former positions under state law, as their promotions were held to be unlawful from the start. Likewise, plaintiffs did not have a legitimate claim of entitlement because of the promotional preference given municipal employees under the city charter. *See Dube v. State Univ. of N.Y.,* 900 F.2d 587, 599 (2d Cir.1990) (entitlement to consideration of criteria not a protected interest), *cert. denied,* 501 U.S. 1211, 111 S.Ct. 2814, 115 L.Ed.2d 986 (1991); *see also Gotlob v. Beyard,* 837 F.Supp. 26, 30 (D.Conn.1993) (same). Nor is there any other basis on which plaintiffs have a legitimate claim of entitlement. For example, 42 U.S.C. § 1983 does not create property rights; it merely allows enforcement of rights created elsewhere. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 816, 105 S.Ct. 2427, 2432, 85 L.Ed.2d 791 (1985); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538–40, 105 S.Ct. 1487, 1491–92, 84 L.Ed.2d 494 (1985); *Bishop v. Wood,* 426 U.S. 341, 344–45, 96 S.Ct. 2074, 2077–78, 48 L.Ed.2d 684 (1976). Accordingly, plaintiffs are denied, and defendants are granted, summary judgment on the due process claim.

### C. Equal Protection

Plaintiffs have not articulated how defendants may have violated the equal protection clause, nor can the court conceive of how they may have. Accordingly, defendants are granted summary judgment on plaintiffs' equal protection claim.

### III. CONCLUSION

Defendants' motion for summary judgement (doc. 31) is granted. Plaintiffs' motion for partial summary judgment (doc. 34) is denied. The clerk shall close the file.

SO ORDERED.